ON MOTION TO DISMISS
GULOTTA, Judge.
Appellants have failed to timely file their suspensive appeal bond. The following undisputed facts are pertinent:
Judgment from bench May 10, 1973
Signing of Judgment May 14, 1973
Mailing of Judgment May 29, 1973
Petition for suspensive and devolutive appeal and appeal bond June 14, 1973
The applicable procedural law can be found in the following C.C.P. arts. — art. 2123, art. 1974 [1] and art. 1913. LSA-C.C. P. art. 2123 provides:
“Except as otherwise provided by law, an appeal which suspends the effect or *850 the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
“(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
“(3) The date of the mailing of notice' of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
When no application for a new trial is made [under LSA-C.C.P. art. 2123(1)], the time for filing a suspensive appeal commences to run at the expiration of the delay provided for filing of the motion. However, under LSA-C.C.P. art. 1913 in an instance where a matter is not taken under advisement but the court does not sign the judgment at the time (as in the instant case), a request may be made for notice of the date the judgment is signed. In such instance, the clerk is required to mail the notice of judgment. Under LSA-C.C.P. art. 1974, the delay for applying for a new trial shall be three days after the judgment is signed, except when the notice of judgment is required (for example, in a case where the attorney requests it); then, the delay commences to run from the time of the mailing of the notice. However, since the record in this case does not show that a request was made to mail the notice, the commencement of the three-day period under LSA-C.C.P. art. 1974 is from the date that the judgment is signed, not the date the notice is mailed.[2] The date the judgment was signed is May 14, 1973. Therefore, the filing of a suspensive appeal on June 14 is not timely since it was not filed within 15 days from the expiration of the delay for filing an application for a new trial (LSA-C.C.P. art. 2123). Accordingly, the Motion to Dismiss is granted insofar as it seeks to dismiss the suspensive appeal. The appeal, however, is viable as a devolu-tive one. Only the suspensive appeal is dismissed.
Suspensive appeal dismissed.

. LSA-C.C.P. art. 1974 reads as follows:
“The delay for applying for a new trial shall be three days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
“When notice of the judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.”

. The fact that a notice was mailed, though there was no requirement to do so, does not change the date of the commencement of the running of the three-day period.